**WAKEFIELD WATER COMPANY**

v.

**PUBLIC UTILITIES COMMISSION.**

**No. 81–370–M.P.**

Supreme Court of Rhode Island.

March 16, 1983.

Reargument Denied April 14, 1983.

Charles A. Hambly, Jr., Providence, for plaintiff.

Dennis J. Roberts, II, Atty. Gen., John R. McDermott, Sp. Asst. Atty. Gen., for defendant.

## OPINION

MURRAY, Justice.

On October 15, 1980, Wakefield Water Company (the company), pursuant to the terms of G.L.1956 (1977 Reenactment) § 39–3–11, as amended by P.L.1977, ch. 236, § 2, filed with the Rhode Island Public Utilities Commission (the commission) seeking a 38.3 percent increase in annual revenues in the amount of $289,317. This increase was to become effective on November 14, 1980. The request was based on operations during a test period consisting of the twelve months ending June 30, 1980. During the hearings before the commission, the company presented further evidence in support of an additional revenue increase of $23,617, putting the overall revenue increase requested at $312,934 or 41.5 percent.

The commission, sua sponte, suspended the effective date of the proposed tariffs from November 14, 1980, until July 14, 1981. It also held public hearings on March 9 and 10, and April 7 and 15. An evening hearing was held on April 7 at which time members of the public presented their views. Appearances were entered by the company and the Division of Public Utilities and Carriers (the division).

On July 13, 1981, the commission issued a thirty-seven-page report and order. The commission rejected the proposed rate schedule filed by the company and directed it to file a new schedule that would provide the company with $187,458 in additional revenue, or 65 percent of the amount requested.

On July 17, 1981 the company, acting pursuant to § 39–5–1, filed a petition for certiorari with this court. We issued the writ on July 23, 1981, and heard the arguments of both parties on December 7, 1982.

At oral argument the parties stipulated that only one issue existed in the case. That issue is whether or not the commission erred in its method of calculating a federal income tax allowance for rate-making purposes.

■ A utility, when requesting a rate increase, must set out all its necessary operating expenses. From this exposition the commission can determine the feasibility of such a request. One well-established operating expense is taxes. *Galveston Electric Co. v. City of Galveston*, 258 U.S. 388, 42 S.Ct. 351, 66 L.Ed. 678 (1922). In the present case the company alleges that the commission incorrectly utilized a surtax exemption[1] when figuring the hypothetical tax. By application of the surtax exemption, a lower income tax allowance resulted than would have been attained had it not been applied.

The thrust of the company's argument is that the surtax is not realistic. This contention is based on the fact that the company is a subsidiary of General Waterworks Corporation, which owns the stock of fifty other water utility subsidiaries in approximately fifteen jurisdictions. General Waterworks in turn is a subsidiary of IU International, Inc. The company participates in the consolidated federal income tax return of IU International, Inc., and its subsidiaries. The surtax exemption is only available to the parent company when it

---

1. A company witness testified that the surtax exemption provides for the first $100,000 of corporate income to be taxed at a lower rate than income above that amount.

files the consolidated return, in this case IU International. The company points out that even if it filed individually, the surtax would not be available because the company would be considered, for tax purposes, a controlled corporation. Finally, the company asserts that the Internal Revenue Code allows only one surtax exemption for each group of controlled corporations.

 In its brief the company states that this court will not disturb findings of the commission unless the record establishes that the findings are not fairly and substantially supported by legal evidence. *New England Telephone & Telegraph Co. v. Public Utilities Commission,* R.I., 446 A.2d 1376 (1982). The company contends that there was no evidence to support the method used by the commission as none of the experts recommended its use. Although we agree with both the company's statement of the law and its account of the testimony presented, we do not find either to be determinative of the issue presented in the instant case today. The commission can devise a method of calculation not recommended by the experts provided that the evidence of record affords the commission some basis upon which they can in fact reach their conclusion.

The company fails to point out that this court cannot substitute its independent judgment for that of the commission. *Id.* at, 446 A.2d at 1386. Moreover, we will not disturb an order unless we are satisfied that the Public Utilities Commission acted illegally, arbitrarily, or unreasonably. G.L.1956 (1977 Reenactment) § 39–5–3; *see Narragansett Electric Company v. Burke,* R.I., 404 A.2d 821 (1979), *cert. denied,* 444 U.S. 1079, 100 S.Ct. 1031, 62 L.Ed.2d 763 (1980). Our scope of review is further narrowed by a previous decision of this court holding that we should not be concerned with the method used to attain a particular result but rather with the fairness and reasonableness of the end result itself. *Michaelson v. New England Telephone & Telegraph Co.,* R.I., 404 A.2d 799 (1979). Finally, we have established that

this court will not sit as a policy-making body in reviewing orders of the commission. *Providence Gas Co. v. Burke,* 119 R.I. 487, 380 A.2d 1334 (1977).

In the present case, we have concluded that the commission's use of a surtax exemption in calculating the federal income tax allowance is not unfair or unreasonable to any of the parties involved. In fact, the commission did allow an increase in annual revenues of 65 percent of the amount requested.

We have considered all of the other arguments presented by the company, and we find them to be without merit.

For the reasons stated, the petition for certiorari filed by the company is denied, the writ issued is quashed, and the records certified to this court are ordered returned to the commission with our decision endorsed thereon.